UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA BARDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1002-B |
| | § | |
| BAC HOME LOANS SERVICING, | § | |
| LP AND BANK OF NEW YORK, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Lisa Bardwell's ("Bardwell") Motion to Remand filed July 7, 2011 (doc. 7). For the reasons listed below, Bardwell's Motion is **DENIED**.

### I.

### BACKGROUND

Bardwell states that she is the owner of real property located at 3616 Basil Court, Dallas County, Texas ("the Property"). Compl.[1] ¶ 2.01. On or about December 22, 2006, Bardwell refinanced the Property with Bank of New York ("BONY"). *Id.* at ¶ 2.03. Although Bardwell timely paid all moneys due under her loan with BONY, BONY declared Bardwell in default and sought foreclosure on the Property. *Id.* at ¶¶ 2.04-2.06. In response, Bardwell filed a state lawsuit against BONY on June 2, 2008, contesting the amount claimed by BONY and the legitimacy of BONY's claims. *Id.* at ¶ 2.07. BONY removed the case to the Northern District of Texas, and eventually

---

[1] The Court refers to Bardwell's "Original Petition for Temporary Restraining Order, Temporary Injunction and For Declaratory Relief," filed in state court and now removed to this Court, as the "Complaint."

- 1 -

Bardwell moved for final judgment dismissing her claim for declaratory relief, which was entered on October 14, 2010. *Id.* at ¶ 2.08-2.09.

On or about April 11, 2011, Defendant BAC Home Loans Services, LP ("BAC," collectively with BONY, "Defendants") served Bardwell with a notice of substitute trustee's sale, notifying Bardwell of Defendants' intent to sell the Property at foreclosure on May 3, 2011. *Id.* at ¶ 2.10. Bardwell then filed her Original Petition in state court on April 29, 2011, seeking declaratory relief pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, declaring that Defendants are forever barred by *res judicata* and estoppel by judgment from foreclosing their claim in the Property, and quieting title to the Property in Bardwell. *Id.* at ¶ 3.02. Defendants filed their Notice of Removal in this Court on May 12, 2011 based on diversity. Notice of Removal May 12, 2011. Bardwell now challenges this removal and seeks remand based on her contention that Defendants have not met their burden of showing that the statutory amount in controversy has been met.

## II.

## LEGAL STANDARD

When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction because the jurisdiction of federal courts is limited. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, the party invoking federal jurisdiction bears the burden of establishing it exists. *Id.* Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Federal District Courts are granted jurisdiction over those civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In

determining if the requisite amount in controversy has been met, any sum certain the plaintiff has alleged in good faith shall control. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When the plaintiff's complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence the amount in controversy exceeds the jurisdictional requirement. *Id.* The district court must first look to the complaint and determine whether it is "facially apparent" the claims exceed the jurisdictional amount. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If the amount is not facially apparent, the court may also consider "summary judgment-type" evidence. *Id.* In making its assessment, the court should consider the state court complaint as it existed at the time of removal. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

## III.

## ANALYSIS

The parties do not dispute that Defendants have met the diversity of parties requirement for removal. They part ways, however, on whether Defendants have met their burden of showing that the amount in controversy exceeds $75,000. Bardwell's complaint does not state the amount in controversy, though Defendants' attachments to its Notice of Removal show that the market value of the Property for 2010, as determined by the Dallas Central Appraisal District, was $235,190, and the proposed value for 2011 is $226,990, well in excess of the $75,000 jurisdictional amount.[2] Notice of Removal Ex. E. Bardwell does not dispute the validity of these figures. Instead, Bardwell argues that "Defendants' claim for the debt supporting Defendants' request for foreclosure, whether against

---

[2]Defendants' evidence also shows that the principal balance owed on the debt is more than $191,000. Notice of Removal Ex. F.

Plaintiff personally or against the property, is absolutely barred by the doctrine of *res judicata*," and that given her argument that Defendants have no claim for debt on the Property, they also have no lien on the Property. Mot. Remand 6-7. In essence, Bardwell appears to argue that the amount in controversy is not met because any claims Defendants have on the Property are barred by *res judicata*.

The Court expresses no view at this time as to the validity of Bardwell's arguments regarding whether or not Defendants have a valid claim for debt or a valid lien on the property. However, the Court finds that such arguments go the merits of Bardwell's claims and Defendants' defenses and are irrelevant to the issue of whether Defendants have established that the required amount in controversy has been met. *See, e.g.*, *Anderson v. Moorer*, 372 F.2d 747, 750 (5th Cir. 1967) (where defendants argued amount in controversy was not met due to the "certain futility of the plaintiffs' case . . . . the probability of a valid factual defense (here, a defense of res judicata) is not sufficient to diminish the amount in controversy and to oust the court of jurisdiction, even if that defense appears of the face of the complaint"). Accordingly, the Court looks to Defendants' evidence regarding the amount in controversy.

Bardwell's complaint specifically seeks "an order pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, (1) declaring that Defendants are forever barred by *res judicata* and estoppel by judgment from foreclosing their claim of interest in the Property; and (2) quieting title to the Property in Plaintiff." Compl. ¶ 3.02. Bardwell also seeks a temporary restraining order and temporary injunction barring Defendants from conducting or threatening to conduct a foreclosure sale of the Property.[3] *Id.* at ¶¶ 4.01-5.02. Where the plaintiff seeks declaratory judgment or

---

[3]The state court did in fact issue a temporary restraining order barring Defendants from taking any action to foreclose their Deed of Trust in and to the Property during the pendency of the suit on April 29,

injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). If the Court grants Bardwell's request for declaratory judgment quieting title to her, Bardwell will hold indefeasible title to the entire property. Thus, Bardwell's request for a declaration that quiets title to her calls into question a right to the property in its entirety and the amount in controversy is equal to the value of the property. *See generally Hayward v. Chase Home Finance, LLC*, 2011 WL 2881298, *4-5 (N.D. Tex. July 18, 2011) (and cases cited therein). As discussed above, the parties do not dispute that the value of the property is over $200,000. Further, the Court finds that Defendants' unconverted evidence establishes by a preponderance of the evidence that the value of the Property is over $200,000. Therefore, the Defendants have proven by the preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount. The Court also finds that the parties are completely diverse. Accordingly, this Court has diversity jurisdiction over the action and Bardwell's Motion for Remand is **DENIED**.

---

2011. Notice of Removal Ex. A-3.

## IV.

## CONCLUSION

For the reasons stated above, removal was proper and Bardwell's Motion to Remand is **DENIED**.

**SO ORDERED.**

**Dated: September 16, 2011.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE